# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY GILLOW, JR., <br>     Plaintiff | JURY TRIAL DEMANDED |
| v. | Civil Action No. |
| THE PENNSYLVANIA DEPARTMENT OF TRANSPORTATION, MICHAEL B. CARROLL, SECRETARY, KATHERINE PETERS, DIRECTOR OF EQUAL OPPORTUNITY <br>     Defendants | |

## COMPLAINT

To the Honorable Judges of the United States District Court for the Middle District of Pennsylvania:

**COMES NOW**, the Plaintiff, Gary Gillow, Jr., by and through his attorney, the Law Office of Harry T. Coleman, by Harry T. Coleman, Esquire and Owen M. Coleman, Esquire, and files the instant Complaint asserting as follows:

I. **Preliminary Statement**

1. Gary Gillow, Jr., (hereinafter "Plaintiff"), brings this action pursuant to the First Amendment to the United States Constitution and the Americans with Disabilities Act (ADA), 42 U.S.C. □ 12101 et seq., as amended, for discrimination based upon a disability and the

failure to accommodate same. Mr. Gillow, who is disabled, seeks compensatory, damages and other employment benefits which he lost as a result of Defendant's illegal actions, damages, counsel fees, and costs.

II. **Jurisdiction**

2. Jurisdiction of the Court over the Plaintiff's federal question claims is invoked pursuant to 28 U.S.C. § 1337; the Court's supplemental jurisdiction with respect to the claims arising under the PHRA is authorized by 28 U.S.C.A. § 1367. Jurisdiction is predicated upon Section 102 of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112.

3. Jurisdiction is further predicated upon 28 U.S.C. § 1331 and 1343(4). The court has pendent jurisdiction of the state law-based claim.

4. Plaintiff filed timely charges with the EEOC, alleging that Defendant unlawfully discriminated against him in violation of the ADA and PHRA, and that such unlawful conduct was occurring on a continuous basis.

5. The U.S. Equal Employment Opportunity Commission granted Plaintiff a Notice of Right to Sue on December 30, 2022.

6. This action has been filed within ninety (90) days of receipt of the Notice of Right to Sue.

7. Venue is proper in the Middle District of Pennsylvania because the parties, witnesses and evidence are common to Wayne and Dauphin Counties, which are in the Middle District.

8. A jury trial is demanded.

III. **Parties**

9. Plaintiff, Gary Gillow, Jr., was and is a disabled citizen of the United States and the Commonwealth of Pennsylvania, who resides and is domiciled at 813 Maple Avenue, Honesdale, Pennsylvania 18431.

10. Defendant Michael B. Carrol is the Secretary of the Department of Transportation with a principal place of business at 400 North Street, 4th Floor, Commonwealth Keystone Building, Harrisburg, Pennsylvania.

11. Defendant Katherine Peters is the Director of Equal Opportunity for the Pennsylvania Department of Transportation with a principal place of business at 400 North Street, 4th Floor, Commonwealth Keystone Building, Harrisburg, Pennsylvania.

12. Defendant Pennsylvania Department of Transportation ("PennDOT") is a state agency duly organized and chartered under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 400 North Street, 4th Floor, Commonwealth Keystone Building, Harrisburg, Pennsylvania. Defendant is an employer as that term is defined in the Americans with Disabilities Act, 42 U.S.C. 12111 (5) and the Pennsylvania Human Relations Act.

IV. **FACTUAL ALLEGATIONS**

13. Plaintiff, age 48, was a full-time employee of the Defendant PennDOT.

14. Plaintiff was last employed with PennDOT Engineering District 4, Wayne County Maintenance Organization, in a position of Transportation Equipment Operator B.

15. Plaintiff was and is a qualified individual with a disability, having been diagnosed with right leg amputation below the knee.

16. Following his right leg amputation in January 2022, Plaintiff never drove a truck for PennDOT as he did pre- injury.

17. Plaintiff, with a reasonable accommodation, would have been able to perform services for the employer.

18. Plaintiff, with a reasonable accommodation, could perform the essential functions of his job.

19. Despite requests for accommodations and a clear recognition of Plaintiff's disability, the Defendant refused to make any accommodation to Plaintiff's disability.

20. Defendant subsequently terminated Plaintiff's employment effective on June 15, 2022, refusing to offer any accommodation.

21. The Defendant's discharge rationale in terms of a Facebook post was a pretext for discrimination against him due to his disability.

22. The employer PennDOT alleged that Plaintiff posted a Facebook post which allegedly contained inappropriate comments on PennDOT's staff.

23. The Facebook post of Plaintiff was vague and non-specific and was protected free speech of Plaintiff. A copy of the Facebook post is attached hereto and incorporated herein as Exhibit "A".

24. Plaintiff was at all times an employee of Defendant until he was terminated from his position.

25. Plaintiff has a right, pursuant to 42 U.S.C. §1981 to be gainfully employed and thereby contribute as a taxpayer and support himself free of unlawful discrimination based on his disability.

26. Plaintiff has a right pursuant to Title VII to work and be employed in the stream of American commerce and to enjoy the benefits of and emoluments of employment so he can participate in supporting the nation by payment of taxes and to support himself free of unlawful discrimination on account of his disability.

27. Plaintiff has a right guaranteed by the First Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983 to be free from retaliation in the form of adverse employment action from expressing speech on matters of public concern.

V. **Statement of Claims**

## COUNT 1
## EEO

28. The allegations set forth in Paragraphs 1-26 are restated and incorporated by reference herein.

29. Plaintiff is a qualified individual with a disability.

30. Plaintiff would have been able to perform the essential functions of his position with reasonable accommodations for his disability.

31. Defendant's disparate treatment of Plaintiff and refusal to accommodate him was knowing, intentional, unreasonable and unlawful.

32. It was not an undue hardship for Defendant to accommodate Plaintiff in his position, nor was there any legitimate nondiscriminatory reason for Defendant to treat Plaintiff differently and less favorably in his terms, conditions, rights and privileges of employment, in comparison with those who are not disabled within the meaning of the statutes, and/or in comparison with those who did not request reasonable accommodation, or engage in other protected oppositional and/or participational activity.

33. Plaintiff was employed by Defendant as a Transportation Equipment Operator B.

34. Plaintiff, shortly before his termination, posted a generic, non-specific and non-person identifiable post to his Facebook account.

35. No one who commented on the Facebook post was employed by the Commonwealth or affiliated with PennDOT.

36. As a Transportation Equipment Operator B, Plaintiff repeatedly requested an accommodation for his disability. All Plaintiff wanted to do was to drive truck for PennDot and perform the duties of his position that he admirably performed pre amputation.

37. The request to drive truck and accommodation was ignored. Rather, the Defendant under the guise of a pretextual response

to his federally protected speech, terminated his employment.

38. Plaintiff was instructed to stop working in the position he enjoyed.

39. One of the debilitating elements of his amputation is phantom pain.

40. From the time of Plaintiff's request for accommodation and Facebook post, PennDOT management began systematic discrimination of Plaintiff.

41. Despite the fact that Plaintiff's pre amputation work continued at high level of performance, his superiors undertook an effort to discredit him.

42. During the month of May 2022, Plaintiff worked for PennDOT and no mention was made of the Facebook post by his employer despite the fact the post was published April 20, 2022.
Plaintiff was later determined to have worked in a manner that met expectations; in fact, he exceeded what was normally required. expected from other employees.

43. In fact, during this period, Plaintiff's work exceeded any reasonable expectations.

44. At all times relevant, Plaintiff performed whatever tasks he was assigned in full and adequately.

45. Plaintiff was placed on suspension with no justification or foundation following his admitted Facebook post.

46. Plaintiff again asked for an accommodation to be able return to work but was denied.

47. Defendant's failure to accommodate Plaintiff, failure to engage Plaintiff in the interactive process, and disparate treatment of Plaintiff violates the ADA.

48. Defendant acted with reckless disregard of the rights of Plaintiff to be free from discrimination and harassment, and his right to be provided a reasonable accommodation, because of his disability.

49. Plaintiff has suffered tangible and intangible losses resulting from Defendant's violation of the law, in excess of $75,000.00.

50. Plaintiff is entitled to lost wages and benefits unlawfully denied, plus prejudgment interest, compensatory damages, the recovery of his reasonable legal fees and costs, and all other appropriate legal and equitable relief, including wage adjustment and recovery of out-of-pocket expenses he incurred due to the discrimination by Defendant in order to make him whole as required under the statutes.

## COUNT 2
## FIRST AMENDMENT

51. The averments of clauses 1-52 above are incorporated by reference.

52. The plaintiff engaged in constitutionally protected First Amendment activity in his Facebook post.

53. The defendants' action caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in the protected activity.

54. There is a causal relationship between the plaintiff's protected activity and the defendants' conduct in terminating his employment.

## COUNT 3
## PHRA

55. Defendant's failure to accommodate Plaintiff, failure to engage Plaintiff in the interactive process, and disparate treatment of Plaintiff violates the PHRA.

WHEREFORE, under Count 1, Plaintiff respectfully requests that this Court:

    A. Grant a permanent injunction enjoining Defendant and all persons in active concert or participation with it from engaging in any

employment practice against Plaintiff which violates the public policy of nondiscrimination embodied in the ADA.

B. Order Defendant to make whole Plaintiff, (1) by restoring his present salary to the point where it would have been but for the discrimination and retaliation, (2) paying appropriate back pay with prejudgment interest, liquidated damages and/or other affirmative relief necessary to eradicate the effects of its unlawful employment actions and practices.

C. Order Defendant to pay compensatory damages to Plaintiff in an amount to reasonably compensate Plaintiff for her pecuniary and non-pecuniary losses for emotional pain, suffering and loss of enjoyment of life, to be determined at trial.

D. Order Defendant to pay the costs and reasonable attorney's fees incurred by Plaintiff.

E. Order Defendant to pay front pay to Plaintiff to offset any future economic losses caused or contributed to by the discrimination and retaliation against Plaintiff.

F. Order Defendants to pay Plaintiff an additional amount to offset, to the greatest extent possible, the negative tax consequences of receiving the award of damages in a single tax-year, in order to effectuate the congressional intent expressed in the statutes, of securing to victims of discrimination make-whole relief.

G. Grant such further relief as the Court deems necessary and proper.

WHEREFORE, under Count 2, Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant and all persons in active concert or participation with it from engaging in any employment practice against Plaintiff which violates the public policy of nondiscrimination embodied in the PHRA.

B. Order Defendant to make whole Plaintiff, (1) by restoring his present salary to the point where it would have been but for the discrimination and retaliation, (2) paying appropriate back pay with prejudgment interest, liquidated damages and/or other affirmative relief necessary to eradicate the effects of its unlawful employment actions and practices.

C. Order Defendant to pay compensatory damages to Plaintiff in an amount to reasonably compensate Plaintiff for her pecuniary and non-pecuniary losses for emotional pain, suffering and loss of enjoyment of life, to be determined at trial.

D. Order Defendant to pay the costs and reasonable attorney's fees incurred by Plaintiff.

E. Order Defendant to pay front pay to Plaintiff to offset any future economic losses caused or contributed to by the discrimination and retaliation against Plaintiff.

F. Order Defendants to pay Plaintiff an additional amount to offset, to the greatest extent possible, the negative tax consequences of receiving the award of damages in a single tax-year, in order to effectuate the congressional intent expressed in the statutes, of securing to victims of discrimination make-whole relief.

G. Grant such further relief as the Court deems necessary and proper.

WHEREFORE, under Count 3, Plaintiff respectfully requests that this Court:

H. Grant a permanent injunction enjoining Defendant and all persons in active concert or participation with it from engaging in any employment practice against Plaintiff which violates the public policy of nondiscrimination embodied in the PHRA.

I. Order Defendant to make whole Plaintiff, (1) by restoring his present salary to the point where it would have been but for the

discrimination and retaliation, (2) paying appropriate back pay with prejudgment interest, liquidated damages and/or other affirmative relief necessary to eradicate the effects of its unlawful employment actions and practices.

J. Order Defendant to pay compensatory damages to Plaintiff in an amount to reasonably compensate Plaintiff for her pecuniary and non-pecuniary losses for emotional pain, suffering and loss of enjoyment of life, to be determined at trial.

K. Order Defendant to pay the costs and reasonable attorney's fees incurred by Plaintiff.

L. Order Defendant to pay front pay to Plaintiff to offset any future economic losses caused or contributed to by the discrimination and retaliation against Plaintiff.

M. Order Defendants to pay Plaintiff an additional amount to offset, to the greatest extent possible, the negative tax consequences of receiving the award of damages in a single tax-year, in order to effectuate the congressional intent expressed in the statutes, of securing to victims of discrimination make-whole relief.

N. Grant such further relief as the Court deems necessary and proper.

**Date: March 24, 2023**

Respectfully Submitted,

LAW OFFICE OF HARRY T. COLEMAN

By: *Harry T. Coleman*

Harry T. Coleman, Esquire
Attorney ID.: 49137
41 N. Main Street
3rd Floor, Suite 316
Carbondale, PA  18407
570-282-7440
570-282-7606, fax

13

harry@harrycolemanlaw.com
*Attorneys for Gary Gillow*

EXHIBIT "A"

**Gary Gillow**

Manager is holding the drug test results. I took it last Thursday and it only takes 3 days to come back not counting weekends. He's done this before. Real scumbag

10w   Like   Reply

1

