UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY GILLOW, JR., <br><br>               Plaintiff, <br><br>v. <br><br>THE PENNSYLVANIA DEPARTMENT OF TRANSPORTATION, et al., <br><br>               Defendants. | CIVIL ACTION NO. 3:23-CV-00521 <br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

Before the Court is a partial motion to dismiss filed by Defendants the Pennsylvania Department of Transportation ("PennDOT") and PennDOT Secretary Michael B. Carroll ("Secretary Carroll") (collectively, "Defendants") on May 18, 2023. (Doc. 7). On March 24, 2023, Gary Gillow Jr. ("Gillow") initiated this action by filing a complaint asserting claims against Defendants and the Commonwealth of Pennsylvania's Director of Equal Opportunity, Katherine Peters[1] for violations of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101, et seq., (Count I), the First Amendment pursuant 42 U.S.C. § 1983 (Count II), and the Pennsylvania Human Relations Act ("PHRA") 43 Pa. Stat. Ann. § 951, et seq., (Count III). (Doc. 1). Defendants now move to dismiss Count I and Count II against Secretary Carroll in his individual capacity and Counts II and III against PennDOT. (Doc. 7). On December 6, 2023 the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). (Doc. 25).

For the following reasons, Defendants' motion to dismiss is **GRANTED.**

---

[1] On December 6, 2023, Katherine Peters was dismissed from this action. (Doc. 22; Doc. 23).

**I.   BACKGROUND**

The following allegations are taken from Gillow's Complaint. (Doc. 1). Prior to June of 2022, Gillow was a full-time employee of PennDOT, where he worked as a Transportation Equipment Operator B. (Doc. 1, ¶¶ 13, 14). In January of 2022, Gillow's right leg was amputated below the knee (Doc. 1, ¶ 16). As a result of the amputation, Gillow asserts he is a qualified individual with a disability. (Doc. 1, ¶¶ 15-16). Gillow alleges he requested appropriate accommodations from PennDOT but was denied. (Doc. 1, ¶ 19). On June 15, 2022, PennDOT terminated Gillow's employment. (Doc. 1, ¶ 20). PennDOT attributes the termination to a post Gillow made on Facebook which contained "inappropriate comments" about PennDOT's staff. (Doc. 1, ¶¶ 20-21).

Following his termination, Gillow filed a discrimination claim with the Equal Employment Opportunity Commission ("EEOC") asserting that PennDOT violated his rights under the ADA and PHRA. (Doc. 1, ¶ 4). The EEOC issued a "Right to Sue" notice on December 30, 2022. (Doc. 1, ¶ 5). Within 90 days, on March 24, 2023, Gillow filed his complaint against Defendants, initiating this action. (Doc. 1, ¶ 6). In connection with these claims, Gillow seeks injunctive relief, compensatory damages, and attorney's fees and costs. (Doc. 1).

On May 18, 2023, Defendants filed a partial motion to dismiss Count I against the "individually named Defendants", Count II and III against PennDOT, and Count II against Secretary Carroll. (Doc. 7). On June 30, 2023, Gillow filed a brief in opposition to

Defendants' partial motion to dismiss.[2] (Doc. 19). Defendants filed a reply brief to Gillow's brief in opposition on July 14, 2023. (Doc. 20). The partial motion to dismiss has been fully briefed and is now ripe for disposition. (Doc. 11; Doc. 19; Doc. 20).

## II.   STANDARDS OF LAW

### A.   MOTION TO DISMISS

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and

---

[2] In his brief in opposition, Gillow concedes Count I asserted against Secretary Carroll under the ADA is subject to dismissal, as he recognizes individuals cannot be held personally liable under the ADA. (Doc. 19, at 6). Gillow additionally concedes Count II and Count III against PennDOT, asserted under the PHRA and §1983, are subject to dismissal. (Doc. 19, at 6). Accordingly, Count I against Secretary Carroll and Counts II and III against PennDOT are **DISMISSED WITH PREJUDICE**.

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions…'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1429-30 (3d Cir. 1997)). The court also need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded

complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (citing *Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

B.  42 U.S.C. S<span>ECTION</span> 1983

Gillow asserts a First Amendment claim pursuant to 42 U.S.C. § 1983, which provides a private cause of action for violations of federal constitutional rights. The statute provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To succeed on a § 1983 claim, a plaintiff must demonstrate that the defendant, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). Further, "a defendant in a civil rights action 'must have personal involvement in the alleged wrongs to be liable,' and 'cannot be held

responsible for a constitutional violation which he or she neither participated in nor approved.'" *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (internal citations omitted). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence*.*" *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

## III.  DISCUSSION

Defendants move to dismiss Count II against Secretary Carroll for lack of personal involvement, arguing that the "[c]omplaint is devoid of a single fact to illustrate how [Secretary Carroll] is allegedly personally involved in the facts alleged therein." (Doc. 11, at 7-8). Defendants note Secretary Carroll is not mentioned in the complaint except as a named party and in the caption. (Doc. 11, at 8; Doc. 1, ¶ 10). In opposition, Gillow argues his complaint alleges sufficient facts to hold Secretary Carroll liable under a theory of supervisory liability. (Doc. 19, at 6-10). Gillow asserts, "[t]he complaint here, respectfully, did sufficiently plead liability based on a policy the defendant promulgated, and the plaintiff did 'identify in their pleading what exactly Appellants should have done differently, whether with respect to specific training programs or other matters, that would have prevented the unconstitutional conduct.'" (Doc. 19, at 9).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (internal citations omitted). In a civil right action, "[p]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). It is insufficient to assert liability against a supervisor solely due to their position. *See Phillips v. Northampton Co., P.A.*, 687 F.

App'x 129, 131 (3d Cir. 2017). To "plead that [a Defendant is] liable in [his or her] individual capacity as a supervisor, [the Plaintiff must] allege that she [or he] was personally involved in the constitutional violation—vicarious liability is not enough." *Phillips*, 687 F. App'x at 131. Generalized allegations that lump defendants together and non-specific allegations that defendants conspired generally have been deemed insufficient. *See Van Tassel v. Piccione, 608 F. App'x 66, 70 (3d Cir. 2015).* "Individual defendants who are policymakers may be liable under 1983 if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *A.M. Ex rel. J.M.K. v. Luzerne Cty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)).

Gillow fails to allege the personal involvement of Secretary Carroll in his claims in his complaint. (Doc. 1, ¶ 10). Gillow does not identify any instances of "personal direction or of actual knowledge and acquiescence" by Secretary Carroll. *Rode*, 845 F.2d at 1207. (Doc. 1). Instead, the complaint is comprised of insufficient "generalized allegations," with no mention of Secretary Carroll's specific involvement. (Doc. 1); *Van Tassel*, 608 F. App'x at 70. A complaint which fails to establish personal involvement in alleged wrongs is properly dismissed. *See Hubert v. Luscavage*, No. 3:21-CV-01523, 2023 WL 4306753, at *5-6 (M.D. Pa. June 30, 2023) (granting defendants' motion to dismiss on the grounds that plaintiffs failed to allege well-pleaded facts providing defendants were directly involved in alleged wrongs).

The complaint is also devoid of allegations that Secretary Carroll had knowledge of and acquiesced in any alleged constitutional violations by his subordinates as Gillow's supervisor. *See Leaks v. Pennsylvania Dep't of Corr.*, No. 1:21-CV-00020, 2021 WL 3022628, at *4 (M.D. Pa. July 16, 2021) (dismissing plaintiff's claims under supervisory liability because

the complaint failed to set forth plausible claims that the defendants knew and acquiesced in alleged constitutional violations). While Gillow suggests Defendants promulgated policies that created a risk of constitutional injury in his brief in opposition, there are no facts in his complaint that plausibly suggest Secretary Carroll maintained such a policy with knowledge that it caused constitutional harm. (Doc. 1); *Leaks*, 2021 WL 3022628, at *4 (citing *A.M. Ex rel. J.M.K.*, 372 F.3d at 586. Absent any supporting factual allegations identifying Secretary Carroll, it would be improper for the court to infer Secretary Carroll had the requisite knowledge to impute supervisor liability under §1983. *See Pizarro v. Wetzel*, No. 3:20-CV-511, 2020 WL 7241117, at *6 (M.D. Pa. Dec. 9, 2020) (dismissing claims of supervisor liability made under §1983 because the plaintiff failed to support her allegations that defendants "established and maintained a policy, practice or custom which directly caused [a] constitutional harm" with specific facts). Because Gillow has failed to allege well-pleaded facts supporting Secretary Carroll had knowledge of or was involved in a policy or practice of discrimination at PennDOT, he has failed to plausibly posit a claim on which relief can be granted for his §1983 claim. (Doc. 1); *Leaks*, 2021 WL 3022628, at *4.

Accordingly, the complaint fails to allege Secretary Carroll's personal involvement or state a claim against him upon which relief can be granted. Therefore, Defendants' partial motion to dismiss is **GRANTED** and Count II against Secretary Carroll is **DISMISSED WITHOUT PREJUDICE**.[3] (Doc. 7).

---

[3] In his brief in opposition, Gillow notes that he seeks injunctive relief. (Doc. 19, at 9-10). He contends, even when acting in their official capacity, a state official is recognized to be a "person" under § 1983 for purpose of injunctive relief. (Doc. 19, at 9-10). Defendants allege the issue of injunctive relief is outside the scope of the motion to dismiss and does not comply with Local Rule 7.6. (Doc. 20, at 4). As the Court will grant Gillow leave to amend

*(footnote continued on next page)*

## IV. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). "A district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373).

In this case, there is nothing to suggest that amendment of Gillow's First Amendment claim against Secretary Carroll would be futile, nor if there any basis to believe it would be inequitable. Therefore, Gillow will be granted leave to file an amended complaint within 28 days of the date of the Order filed concurrently with this memorandum.

## V. CONCLUSION

Based on the foregoing, Defendants' partial motion to dismiss is **GRANTED**. (Doc. 7). Count I against individually named Defendants will be **DISMISSED WITH PREJUDICE**. Counts II and III against PennDOT be **DISMISSED WITH PREJUDICE**; and Count II against Secretary Carroll be **DISMISSED WITHOUT PREJUDICE**.

An appropriate Order follows.

**Dated: January 25, 2024**               *S/Karoline Mehalchick*
                                          **KAROLINE MEHALCHICK**
                                          **Chief United States Magistrate Judge**

---

with respect to Count II against Secretary Carroll, the Court will not address the issue of injunctive relief at this time.