IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY GILLOW, JR., | : | |
| Plaintiff | : | No. 3:23-CV-0521 |
| | : | |
| v. | : | Judge Mehalchick |
| | : | |
| THE PENNSYLVANIA DEPARTMENT OF TRANSPORTATION, | : | Electronically Filed Document |
| | : | |
| | : | *Complaint Filed 03/24/23* |
| Defendants | : | |

## DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant the Pennsylvania Department of Transportation (Defendant or Department), through counsel, hereby files this Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Defendant is entitled to sovereign immunity on Plaintiff's Title I of the Americans with Disabilities Act ("ADA")[1] claim and any request for injunctive relief is barred as a matter of law.

### I.   STATEMENT OF ALLEGED FACTS & PROCEDURAL HISTORY

Following resolution of Defendant's Motion to Dismiss the Complaint, (Docs. 26-27), Plaintiff Gary Gillow, Jr., represented by counsel, filed his Amended Complaint, (Doc. 28), asserting only a failure to accommodate claim brought pursuant to the ADA against the Department. (Doc. 34.) For relief, Plaintiff seeks

---

[1]   42 U.S.C. §§ 12112-12117.

monetary damages, injunctive relief, and attorneys' fees and costs. (*Id.* at ¶¶ 50-51, and ECF pg. 10.)

In so doing, in sum, Plaintiff claims that he has a physical disability of a partial amputation of his right leg, (Doc. 28 at ¶ 14), and that the Department failed to offer him any reasonable accommodation for his disability within his employment as a Transportation Equipment Operator B from January 2022 until his separation from employment on June 15, 2022. (*Id.* ¶¶ 31, 14, 18.)

## II.   ISSUES PRESENTED

A.  Whether the Department is entitled to judgment on all claims seeking monetary relief because the Department is entitled to Eleventh Amendment sovereign immunity on all Title I of the ADA claims for monetary relief?

B.  Whether all requests for injunctive relief are barred as a matter of law because the *Ex Parte Young* exception is not applicable in suits brought against a state agency?

*Suggested Answer to All:*  Yes.

## III.   ARGUMENTS

### Standard of Review

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "The standard of review for a motion for judgment on the pleadings is identical to that of the motion to dismiss under Federal Rule 12(b)(6)." *Brautigam v. Fraley*, 684 F. Supp. 2d 589, 591 (M.D. Pa. 2010).

"The only notable difference between these two standards is that the court, for a motion on the pleadings, reviews not only the complaint but also the answer and written instruments attached to the pleadings." *Id*. The motion will be granted if the plaintiff has not articulated enough facts "to raise a right to relief above the speculative level." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In this matter, Plaintiff files suit pursuant to Title I of the ADA and seeks monetary damages and injunctive relief. (Doc. 28 at ECF pg. 9.) Plaintiff's claims for monetary relief, however, are barred by the Eleventh Amendment to the United States Constitution, and all claims for injunctive relief fail as a matter of law.

    A.    **The Department Is Entitled To Eleventh Amendment Sovereign Immunity For Claims Seeking Monetary Damages Brought Pursuant To Title I Of The ADA**

It is well-established that all Title I of the ADA claims seeking money damages are barred by the Eleventh Amendment. The Supreme Court conclusively determined that Congress has not successfully abrogated States' Eleventh Amendment immunity with respect to claims seeking monetary relief brought pursuant to Title I of the ADA. *Bd. of Trustees of the Univ. of AL. v. Garrett*, 531 U.S. 356, 372 (2001); *Durham v. Kelley*, 82 F.4th 217, 228 (3d Cir. 2023) ("the Supreme Court definitively held that the Eleventh Amendment bars private suits seeking money damages for state violations of Title I of the ADA); *Kreutzberger v. Pa. Dep't of Corrs.*, 684 F.

3

App'x 107, 108 (3d Cir. 2017) (holding "The Pennsylvania Department of Corrections is thus immune from suit in federal court pursuant to the Eleventh Amendment" in case asserting claims pursuant to Title I of the ADA); *Benn v. First Judicial District of Pa.*, 426 F.3d 233, 238-39 (3d Cir. 2005); *Kulkin v. SCI Mercer Dep't of Corrs.*, 2015 WL 1431080, at *2 (W.D. Pa. March 27, 2015).

While this immunity is not absolute, it must be waived by state law or clearly abrogated by Congress. Neither has occurred with respect to Title I of the ADA. "Congress did not validly abrogate the States' sovereign immunity from suit by private individuals under Title I [of the ADA.]" *Garrett*, 531 U.S. at 374 n.9; *see also Koslow v. Commonwealth of Pa.*, 302 F.3d 161, 177 (3d Cir. 2002) (". . . Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I [of the ADA.]").

The Department is an arm of the Commonwealth government, (Doc. 28 at ¶ 10), thus, the Eleventh Amendment sovereign immunity extends to the Department in this matter. As the Department has not waived its sovereign immunity with respect to Title I of the ADA, *see Garrett*, 531 U.S. at 372, *see Kreutzberger*, 684 F. App'x at 108, all Title I of the ADA claims, wherein Plaintiff seeks monetary damages, are barred as a matter of law and must be dismissed. *See id.*

### B. All Requests For Injunctive Relief Are Barred As A Matter Of Law

While "private Individuals . . . [may bring] actions for injunctive relief under *Ex parte Young*[,]" this exception is inapplicable here. *Garrett*, 531 U.S. at 374 n.9; *see also Koslow*, 302 F.3d at 179 ("[F]ederal ADA claims for prospective injunctive relief against state officials are authorized by the *Ex parte Young* doctrine."). But this "exception" to state sovereign immunity only allows "a plaintiff to . . . bring . . . suit against state *officials*." *Delaware River Joint Toll Bridge Comm'n v. Sec'y Pa. Dep't of Lab. & Indus.*, 985 F.3d 189, 193 (3d Cir. 2021) (emphasis in original) (citing *Ex parte Young*, 209 U.S.123 (1908)). This is because the "rationale of *Ex parte Young*" rests on the "distinction between the sovereign and its agents[.]" *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 147 n.29 (1984).

Stated simply, the *Ex parte Young* exception does not apply to state agencies. *See Williams by & through Bookbinder v. Connolly*, 734 F. App'x 813, (3d Cir. 2018) (*Ex parte Young* exception did not apply to declaratory and injunctive relief sought against state agency); *see also Tigue v. Pa. State Police*, 2023 WL 7130622, at *6 n.3 (M.D. Pa. Oct. 30, 2023) (Mehalchick, J.) (citing *Puerto Rico Aqueduct & Sewer Auth. V. Metcalf & Eddy, Inc.* 506 U.S. 139, 146 (1993)); *Acosta v. Democratic City Committee*, 288 F. Supp.3d 597, 627 (E.D. Pa. 2018) (*Ex parte Young* exception did not apply to state agency).

5

Plaintiff named the Department as the sole defendant in his Amended Complaint, (*see gen.* Doc. 28); thus, the *Ex parte Young* exception is not available. *Halderman*, 465 U.S. at 147 n.29.  Plaintiff's request for injunctive relief, (Doc. 28 at ¶¶ 50-51, and ECF pg. 10), therefore, is barred as a matter of law.  As such, this matter must be dismissed with prejudice.

## IV.    CONCLUSION

Defendant respectfully requests that this Court grant its Motion for Judgment on the Pleadings and dismiss this case with prejudice.

        **Respectfully submitted,**

        **MICHELLE A. HENRY**
        **Attorney General**

By:   *s/ Mary Katherine Yarish*
        **MARY KATHERINE YARISH**

**Office of Attorney General**         **Deputy Attorney General**
**15th Floor, Strawberry Square**    **Attorney ID #328843**
**Harrisburg, PA 17120**
**Phone: (717) 783-6315**              **NICOLE R. DITOMO**
        **Chief Deputy Attorney General**
myarish@attorneygeneral.gov         **Civil Litigation Section**

**Date:  May 31, 2024**                   *Counsel for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY GILLOW, JR.,** | : | |
| Plaintiff | : | No. 3:23-CV-0521 |
| | : | |
| v. | : | Judge Mehalchick |
| | : | |
| **THE PENNSYLVANIA DEPARTMENT OF TRANSPORTATION,** | : | Electronically Filed Document |
| | : | *Complaint Filed 03/24/23* |
| Defendants | : | |

## CERTIFICATE OF CONCURRENCE / NON-CONCURRENCE

I, Mary Katherine Yarish, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that counsel for Plaintiff was contacted and does not concur in the motion/ has not responded to the request for concurrence.

                                           *s/ Mary Katherine Yarish*
                                           **MARY KATHERINE YARISH**
                                           Deputy Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY GILLOW, JR.,** | : | |
| Plaintiff | : | No. 3:23-CV-0521 |
| | : | |
| v. | : | Judge Mehalchick |
| | : | |
| **THE PENNSYLVANIA DEPARTMENT OF TRANSPORTATION,** | : | Electronically Filed Document |
| | : | *Complaint Filed 03/24/23* |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Mary Katherine Yarish, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on May 31, 2024, 2024, I caused to be served a true and correct copy of the foregoing document titled *Defendant's Brief in Support of its Motion for Judgment on the Pleadings* to:

## VIA ECF

Harry T. Coleman, Esquire
Law Office of Harry T. Coleman
41 North Main Street, Suite 316
Carbondale, PA  18407
harry@harrycolemanlaw.com
*Counsel for Plaintiff*

    *s/ Mary Katherine Yarish*
**MARY KATHERINE YARISH**
Deputy Attorney General